April 8, 2005

**VIA FACSIMILE & FIRST CLASS MAIL**
Jonathan F. Mitchell
Assistant U.S. Attorney
District of Massachusetts
John Joseph Moakley United States Courthouse
Suite 9200
Boston, MA 02210

  Re:  <u>Jose Silva</u>

Dear Mr. Mitchell:

  Pursuant to Local Rule of Criminal Procedure 116.3, please accept this letter as our formal request for discovery on behalf of our client, Jose Silva ("Silva"), defendant in the above-referenced matter.

  A.  <u>Fed. R. Crim. P. 16</u>

  Notwithstanding your automatic discovery letter dated March 22, 2005, pursuant to Fed. R. Crim. P. 16, we respectfully request the following information that was either not provided with your discovery letter or provided without sufficient specificity to allow Mr. Silva adequately to prepare for trial.

    1.  <u>Statements of the Defendant</u>

  To the extent the government is in possession of any statements of Mr. Silva within the meaning of Rule 16(a)(1)(A) other than those described in your March 22, 2005 automatic discovery letter, we request them.

Jonathan F. Mitchell
April 8, 2005
Page 2

      In addition, we request production of any statements of the identified co-conspirators, including but not limited to, Carlos Amorin, Florino Amorin, Jose Costa, Joao M. Cravo, Aderito DaSilva, Manuel Folgar, Carlos Filgado, Fernando M. Garrido, Nuno Lemos, Americo Maio, Hermino Marcalo, Francisco Matos, Jeff Murray, John Neto, Rui Novo, Samuel Perreira, Manuel Pinto, Carlos Ribeiro, Jorge Ruela, Daniel Silva, Noel Silva, and Cesar Luis Verde, made during the course of and in furtherance of the alleged conspiracy, whether or not the government presently intends to call the co-conspirators as witnesses at trial. See United States v. Murgas, 967 F. Supp. 695, 713-16 (N.D.N.Y. 1997) (ordering the government to produce such discovery under Fed. R. Crim. P. 16(a)(1)(A)); United States v. Madeoy, 652 F. Supp. 371, 375 (D.D.C. 1987) (statements of coconspirators whom government does not intend to call as witnesses at trial are discoverable in advance of trial); United States v. Williams, 113 F.R.D. 177, 180-81 (D. Fla. 1986) (interpreting statements under Fed. R. Crim. P. 16(a)(1)(A) to include statements made by coconspirators that may be imputed to the defendant if government does not intend to offer coconspirator as a witness at trial).

      2.      Documents and Tangible Objects Under Rule 16(a)(1)(C)

      You have provided copies of documents and tangible objects in the government's possession, custody or control. We have made a preliminary inspection of these materials. We reserve our right to request further information based upon our initial review. We request that you continue to make the original documents available for our inspection and review at mutually convenient times so that we will continue to have access to these documents in the future. Let us know if this is something on which we can agree.

      You have provided photographs on a CD, many of which are not identified as to their contents or date, some of which do not seem related to the present case or are unidentifiable, and some of which cannot be opened. Please provide a CD containing only the photographs relevant to Mr. Silva's case, and which are identified by subject matter and date taken, and which can be opened. You have also provided a CD containing the contents of the hard drive provided by Aveiro Corporation to the government, which cannot be opened. Please provide a working CD containing the contents of the hard drive.

      3.      Reports of Examinations and Tests

      To the extent any reports of any examinations, tests or experiments other than the two reports by Bruce T. Estrella included in your automatic discovery were made or became available subsequent to your letter, pursuant to Rule 16(a)(1)(D), we request the results thereof.

Jonathan F. Mitchell
April 8, 2005
Page 3

    4.    <u>Search Materials under Local Rule 116.1(c)(1)(b)</u>

You have identified searches conducted of the F/V Lutador II on March 7 and 8, 2004, by the United States Coast Guard. Pursuant to Rule 12(d), please state your intentions with respect to use of any of the seized materials as evidence against Mr. Silva at the trial of his case.

  B.  <u>Exculpatory Information Pursuant to Local Rule 116.2(b)(1)</u>

    1.    <u>Promises, Rewards, Inducements</u>

Please provide the following:

    a.    You have provided information that Florindo Amorin, Jorge Ruella, Americo Maio, and Nuno Lemos testified under orders of immunity. Please provide documents reflecting any promises, rewards or inducements made to any or all Messrs. Amorin, Ruella, Maio, and Lemos in relation to the participation in or the signing of such an agreement. Additionally, please provide the following: (i) a copy of any report(s) containing any proffers made by Amorin, Ruella, Maio, or Lemos; and (ii) all documents relating to any promises, rewards or inducements made to Amorin, Ruella, Maio, or Lemos by any representative or agent of the government as a result of any proffer made. In addition, please state any oral promises, rewards or inducements offered to Amorin, Ruella, Maio, or Lemos in connection with this Investigation.

    b.    Please state whether Messrs. Amorin, Ruella, Maio, Lemos or any other witnesses have received any money, any financial instrument (including but not limited to the use of a credit card) or goods from the government or from any government agent, whether or not acting with government approval, in any way relating to the witnesses participation in this Investigation.

    c.    All promises of leniency or declinations of prosecution for individuals related to the Investigation of this case, or to persons related by blood or marriage to such individuals.

    d.    Evidence of threats against any witnesses or persons related by blood or marriage to any witnesses.

  C.  <u>Exculpatory Information Pursuant to Local Rule 116.2(A)(2)</u>

While we understand that Local Rule 116.2(A)(2) provides for the production of certain categories of exculpatory information not later than twenty-one (21) days before

Jonathan F. Mitchell
April 8, 2005
Page 4

the trial date established by the judge who will preside, under the principles articulated in United States v. Snell, 899 F. Supp. 17 (D. Mass. 1995), we nonetheless specifically request disclosure of the following categories of exculpatory information at the government's earliest possible convenience.

      1.    <u>Information Concerning Veracity, Credibility and Motivation of Anticipated Government Witnesses</u>: Please provide a full and complete statement of any information tending to cast doubt on any potential government witness' veracity or credibility, including any motivation to lie, provide incomplete or inaccurate information, or shade the truth, or any bias, prejudice, grudge or animus against the defendant. This request includes a complete statement of any information and related documentation about examinations, including polygraphs, that concluded, in whole or in part, that any potential government witness or informant was not telling the truth as to any answer, that the witness appeared not to be telling the truth as to any answer, or that the examination could not reveal whether or not the witness was telling the truth.

      2.    <u>Information Concerning Poor Memory of Government Witnesses</u>: Please provide a full and complete statement of any information and related documentation tending to show the poor, incomplete, enhanced, or inaccurate memory of any potential government witness, including all statements by the witness or any other person regarding the quality of the witness' memory in general and with respect to the events at issue in the indictment.

      3.    <u>Prior or Subsequent Inconsistent Statements of Government Witnesses</u>: Please provide a full and complete statement and related documentation of any statement, made orally or in writing, of any potential government witness, which is inconsistent with any other statement of that witness, whether or not made to a government agent, which is in the government's custody or control or can be obtained through reasonable diligence.

      4.    <u>Prior or Subsequent Inconsistent Statements of Any Person</u>: Please provide a full and complete statement and related documentation of any statement, made orally or in writing, by any person that is inconsistent with any statement made orally or in writing by any potential government witness, whether or not made to a government agent, which is in the government's custody or control or can be obtained through reasonable diligence.

      5.    <u>Treatment Information Affecting Credibility or Accuracy of Government Witnesses</u>: Please provide a full and complete statement of any treatment of any anticipated government witness for drug abuse, alcoholism, or physical, mental, visual or psychiatric disease, defect, disorder, condition, limitation or impairment, including the identity of the treating physician and treatment facility, the dates of such treatment and all records relating to such treatment, which are in the government's

Jonathan F. Mitchell
April 8, 2005
Page 5

custody, possession or control or can be obtained through reasonable diligence.  In addition, please provide a full and complete statement and related documentation, if any, indicating whether any potential government witness suffered from alcohol or drug abuse which may have affected the witness' judgment, perception or memory.

   6. <u>Fed. R. Evid. 608(b) Evidence</u>:  Please provide a full and complete statement of any conduct that may be admissible under Fed. R. Evid. 608(b), known to the government or discoverable through reasonable diligence, to have been committed by any anticipated government witness.

   7. <u>Prosecutable Federal Offenses Committed by Government Witnesses:</u>  Please provide a full and complete statement of any prosecutable federal offenses known by the government or discoverable through reasonable diligence, to have been committed by any anticipated government witness, including any potential crimes in addition to those set forth in the plea or immunity agreements allegedly committed by Carlos Amorin, Florino Amorin, Jose Costa, Joao M. Cravo, Aderito DaSilva, Manuel Folgar, Carlos Filgado, Fernando M. Garrido, Nuno Lemos, Americo Maio, Hermino Marcalo, Francisco Matos, Jeff Murray, John Neto, Rui Novo, Samuel Perreira, Manuel Pinto, Carlos Ribeiro, Jorge Ruela, Daniel Silva, Noel Silva, Cesar Luis Verdeany, or any named co-conspirator.

   8. Please provide copies of all documents contained in any investigation file of any Government witnesses, including any such files maintained by the Federal Bureau of Investigation and/or the Massachusetts Attorney General's office.

  D. <u>Specific Requests for Evidence Casting Doubt on Defendant's Guilt:</u>

As to the specific allegations contained in the indictment returned against the defendants, we request the following information which is exculpatory under the principles articulated in <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963), <u>United States v. Agurs</u>, 427 U.S. 97, 106 (1976) and progeny.  We request that you review all witness statements and grand jury testimony, among other evidence, for purposes of determining whether there exists any evidence satisfying the following specific requests:

 1. Any evidence tending to show that Mr. Jose Silva has no knowledge that Carlos Amorin, Florino Amorin, Jose Costa, Joao M. Cravo, Aderito DaSilva, Manuel Folgar, Carlos Filgado, Fernando M. Garrido, Nuno Lemos, Americo Maio, Hermino Marcalo, Francisco Matos, Jeff Murray, John Neto, Rui Novo, Samuel Perreira, Manuel Pinto, Carlos Ribeiro, Jorge Ruela, Daniel Silva, Noel Silva, Cesar Luis Verde and/or other co-conspirator committed violations of the Lacey Act, gave false statements, obstructed justice, or aided and abetted, as charged in Mr. Jose Silva's grand jury indictment of 1/20/05.

2.	Any evidence tending to show that Mr. Jose Silva or any of the other co-conspirators did not conspire to violate the Lacey Act, give false statements, obstruct justice, or aid and abet, as charged in Mr. Jose Silva's grand jury indictment of 1/20/05.

3.	Any evidence tending to show that Mr. Jose Silva or any of the other co-conspirators did not sell some or all illegally-taken lobsters, including female egg-bearing lobsters, "v-notched" female lobsters, and lobsters in excess of the 500-per-trip limit.

4.	Any evidence tending to show that Mr. Jose Silva or any of the other co-conspirators did not remove, or direct others to remove, the eggs of female lobsters caught on board his fishing vessels.

5.	Any evidence tending to show that Mr. Jose Silva or any of the other co-conspirators did not sell the lobsters to seafood brokers and wholesalers in New Bedford.

6.	Any evidence tending to show that Mr. Jose Silva or any of the other co-conspirators did not cover up the practice by hiding the lobsters from the Coast Guard in secret compartments on his fishing vessel.

7.	Any evidence tending to show that Mr. Jose Silva or any of the other co-conspirators did not instruct crew members not to divulge the practice to law enforcement officials.

E.	Fed. R. Evid. 404(b) Evidence

To the extent you intend to introduce any evidence of prior or subsequent "bad acts" of Mr. Silva or any indicted or unindicted co-conspirator pursuant to Rule 404(b) of the Federal Rules of Evidence, please provide a description of the conduct or incident which gives rise to each such "bad act", the names, addresses and dates of birth of witnesses to such "bad acts", the substance of their expected testimony, related documents and a designation of the theory of admissibility.

While we recognize that Rule 404(b) evidence will generally be ordered by the court to be provided no later than 21 days before trial, the circumstances of this case compel early production of such material. Consequently, we request that the government identify well before the twenty-first day prior to trial any Rule 404(b) evidence which it may seek to offer into evidence at trial in this matter.

F.	Expert Witness Information

Pursuant to Local Rule 116.5(A)(2), the defendant seeks discovery concerning expert witnesses under Fed. R. Crim. P. 16(a)(1)(E).  To the extent you intend to

Jonathan F. Mitchell
April 8, 2005
Page 7

introduce expert testimony in this case pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence, the defendants request the identity of the expert(s) and a summary for each, describing the witness' qualifications, opinion(s) and the bases and reasons therefore.

    G.    <u>Particulars of Allegations</u>

Pursuant to Local Rule 116.3(E), please provide the following particulars related to allegations in the Indictment returned against the defendant:

    1.    Identify the date, time and place at which Mr. Jose Silva became a member of the alleged conspiracy and the specific time period he remained a part of such alleged conspiracy.

    2.    Identify the scope of the agreement allegedly entered into by Mr. Jose Silva and each alleged conspirator.

    3.    With respect to paragraph 6 of the indictment, please identify: the precise manner and means through which Mr. Jose Silva or the other co-conspirators profited from the selling of illegally-taken lobsters, including female egg-bearing lobsters, "v-notched" female lobsters, and lobsters in excess of the 500-per-trip limit.

    4.    With respect to paragraph 6 of the indictment, please identify: the precise manner and means through which Mr. Jose Silva or the other co-conspirators removed, or directed others to remove, the eggs of female lobsters caught on board his fishing vessels.

    5.    With respect to paragraph 6 of the indictment, please identify: the precise manner and means through which Mr. Jose Silva or the other co-conspirators sold the lobsters to seafood brokers and wholesalers in New Bedford.

    6.    With respect to paragraph 6 of the indictment, please identify: the precise manner and means through which Mr. Jose Silva or the other co-conspirators covered up the practice by hiding the lobsters from the Coast Guard in secret compartments on his fishing vessel.

    7.    With respect to paragraph 6 of the indictment, please identify: the precise manner and means through which Mr. Jose Silva or the other co-conspirators instructed crew members not to divulge the practice to law enforcement officials.

    H.    <u>Reciprocal Discovery</u>

We are not at this time in the possession, custody or control of any information that Fed. R. Crim. P. 16(b)(1)(A) or (B) requires to be disclosed. However, we recognize

Jonathan F. Mitchell
April 8, 2005
Page 8


our continuing duty to provide such information and assure you that we will forward such responsive information if and when we discover it.

                Sincerely yours,


                Michael A. Collora

Jonathan F. Mitchell
April 8, 2005
Page 9


bcc:  Jose Silva