AO 245B(05-MA)  (Rev. 06/05) Judgment in a Criminal Case
Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
## District of Massachusetts

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| JOSE SILVA | Case Number: 1: 05 CR 10011 - 001 - GAO |
| | USM Number: 25528-038 |
| | MICHAEL COLLORA, ESQUIRE |
| | Defendant's Attorney |

☐ Additional documents attached

☐
**THE DEFENDANT:**
☑ pleaded guilty to count(s)  1-4    ( Plea: 12/20/05)
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

Additional Counts - See continuation page ☐

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC sec. 371 | Conspiracy | 03/07/04 | I |
| 16 USC sec.3772(a) | (1)(a)(4)  Lacey Act | 03/07/04 | 2 |
| 16 USCsec.3772(a) | (1)(a)(4)  Lacey Act | 03/07/04 | 3 |
| 18 USC sec 1001 | False Statements | 03/07/04 | 4 |

The defendant is sentenced as provided in pages 2 through    7    of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☑ Count(s)   5   ☑ is  ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

04/24/06
Date of Imposition of Judgment

/s/ George A. O'Toole, Jr.
Signature of Judge

The Honorable George A. O'Toole
Judge, U.S. District Court
Name and Title of Judge

April 25, 2006
Date

AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
Sheet 1A - D. Massachusetts - 10/05

Judgment—Page _____ of ___7___

DEFENDANT: **JOSE SILVA**
CASE NUMBER: **1: 05 CR 10011   - 001 - GAO**

## ADDITIONAL COUNTS OF CONVICTION

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| | | | |

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 2 - D. Massachusetts - 10/05

|  |  |
|---|---|
| DEFENDANT: JOSE SILVA | Judgment — Page 2 of 7 |
| CASE NUMBER: 1: 05 CR 10011 - 001 - GAO | |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 18 month(s)

on each of counts 1-4, to run concurrently with each other.

☑ The court makes the following recommendations to the Bureau of Prisons:

The court recommends to the Bureau of Prisons that they take into consideration the defendant's family circumstances when designating a facility.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☑ before 2 p.m. on   06/02/06   .

   ☑ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:





Defendant delivered on _____ to _____

a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 - D. Massachusetts - 10/05

DEFENDANT: JOSE SILVA
CASE NUMBER: 1: 05 CR 10011 - 001 - GAO

Judgment—Page 3 of 7

## SUPERVISED RELEASE

☐ See continuation page

Upon release from imprisonment, the defendant shall be on supervised release for a term of : 2 year(s)

on each of counts 1-4, to run concurrently with each other.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year, as directed by the probation officer.

☑ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **JOSE SILVA**
CASE NUMBER: 1: 05 CR 10011 - 001 - GAO

Judgment — Page 4 of 7

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ $400.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|

☐ See Continuation Page

| TOTALS | $ $0.00 | $ $0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

  ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: **JOSE SILVA**  
CASE NUMBER: **1: 05 CR 10011 - 001 - GAO**  
DISTRICT: **MASSACHUSETTS**

Judgment — Page 5 of 7

# STATEMENT OF REASONS

**I  COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A ☑ **The court adopts the presentence investigation report without change.**

B ☐ **The court adopts the presentence investigation report with the following changes.**
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.) (Use Section VIII if necessary.)

1 ☐ **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):

2 ☐ **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

3 ☐ **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

4 ☐ **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C ☐ **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II  COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

A ☑ No count of conviction carries a mandatory minimum sentence.

B ☐ Mandatory minimum sentence imposed.

C ☐ One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

☐ findings of fact in this case
☐ substantial assistance (18 U.S.C. § 3553(e))
☐ the statutory safety valve (18 U.S.C. § 3553(f))

**III  COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level: 15  
Criminal History Category: I  
Imprisonment Range: 18 to 24 months  
Supervised Release Range: 2 to 3 years  
Fine Range: $ 4,000 to $ 40,000  
☑ Fine waived or below the guideline range because of inability to pay.

DEFENDANT: **JOSE SILVA**  
CASE NUMBER: **1: 05  CR  10011  - 001 - GAO**  
DISTRICT: **MASSACHUSETTS**

Judgment — Page 6 of 7

# STATEMENT OF REASONS

**IV   ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A ☑ **The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.**

B ☐ **The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.**
(Use Section VIII if necessary.)

C ☐ **The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.**
(Also complete Section V.)

D ☐ **The court imposed a sentence outside the advisory sentencing guideline system.** (Also complete Section VI.)

**V   DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A   **The sentence imposed departs** (Check only one.):
☐ below the advisory guideline range
☐ above the advisory guideline range

B   **Departure based on** (Check all that apply.):

1   **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 plea agreement based on the defendant's substantial assistance
☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
☐ binding plea agreement for departure accepted by the court
☐ plea agreement for departure, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense departure motion.

2   **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 government motion based on the defendant's substantial assistance
☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
☐ government motion for departure
☐ defense motion for departure to which the government did not object
☐ defense motion for departure to which the government objected

3   **Other**
☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C   **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | |
|---|---|---|
| ☐ 4A1.3 Criminal History Inadequacy | ☐ 5K2.1 Death | ☐ 5K2.11 Lesser Harm |
| ☐ 5H1.1 Age | ☐ 5K2.2 Physical Injury | ☐ 5K2.12 Coercion and Duress |
| ☐ 5H1.2 Education and Vocational Skills | ☐ 5K2.3 Extreme Psychological Injury | ☐ 5K2.13 Diminished Capacity |
| ☐ 5H1.3 Mental and Emotional Condition | ☐ 5K2.4 Abduction or Unlawful Restraint | ☐ 5K2.14 Public Welfare |
| ☐ 5H1.4 Physical Condition | ☐ 5K2.5 Property Damage or Loss | ☐ 5K2.16 Voluntary Disclosure of Offense |
| ☐ 5H1.5 Employment Record | ☐ 5K2.6 Weapon or Dangerous Weapon | ☐ 5K2.17 High-Capacity, Semiautomatic Weapon |
| ☐ 5H1.6 Family Ties and Responsibilities | ☐ 5K2.7 Disruption of Government Function | ☐ 5K2.18 Violent Street Gang |
| ☐ 5H1.11 Military Record, Charitable Service, Good Works | ☐ 5K2.8 Extreme Conduct | ☐ 5K2.20 Aberrant Behavior |
| | ☐ 5K2.9 Criminal Purpose | ☐ 5K2.21 Dismissed and Uncharged Conduct |
| ☐ 5K2.0 Aggravating or Mitigating Circumstances | ☐ 5K2.10 Victim's Conduct | ☐ 5K2.22 Age or Health of Sex Offenders |
| | | ☐ 5K2.23 Discharged Terms of Imprisonment |
| | | ☐ Other guideline basis (*e.g.*, 2B1.1 commentary) |

D   **Explain the facts justifying the departure.** (Use Section VIII if necessary.)

DEFENDANT: **JOSE SILVA**  
CASE NUMBER: **1: 05 CR 10011 - 001 - GAO**  
DISTRICT: **MASSACHUSETTS**

Judgment — Page ___ of ___ 7

# STATEMENT OF REASONS

**VI COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

A **The sentence imposed is** (Check only one.):
☐ below the advisory guideline range
☐ above the advisory guideline range

B **Sentence imposed pursuant to** (Check all that apply.):

1 **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

2 **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ government motion for a sentence outside of the advisory guideline system
☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

3 **Other**
☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

C **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
☐ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))
☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))
☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

D **Explain the facts justifying a sentence outside the advisory guideline system.** (Use Section VIII if necessary.)

| | |
|---|---|
| DEFENDANT: **JOSE SILVA** | Judgment — Page 7 of 7 |
| CASE NUMBER: **1: 05 CR 10011 - 001 - GAO** | |
| DISTRICT: **MASSACHUSETTS** | |

# STATEMENT OF REASONS

**VII   COURT DETERMINATIONS OF RESTITUTION**

A  ☒  Restitution Not Applicable.

B  Total Amount of Restitution: _____

C  Restitution not ordered (Check only one.):

  1  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

  2  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

  3  ☐  For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

  4  ☐  Restitution is not ordered for other reasons.  (Explain.)

D  ☐  Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

**VIII   ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE** (If applicable.)

Reasons for sentence stated on the record in open court. A transcript is attached.

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

| | |
|---|---|
| Defendant's Soc. Sec. No.: 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 | Date of Imposition of Judgment 04/24/06 |
| Defendant's Date of Birth: 0/00/1954 | /s/ George A. O'Toole, Jr. |
| Defendant's Residence Address: 1270 Reed Road, North Dartmouth, MA 02747 | Signature of Judge<br>The Honorable George A. O'Toole  Judge, U.S. District Court |
| Defendant's Mailing Address: same as above | Name and Title of Judge<br>Date Signed  April 25, 2006 |

```
                      silvq transcript from Shelly.txt
                                                                              1

  1                  UNITED STATES DISTRICT COURT FOR
                        THE DISTRICT OF MASSACHUSETTS
  2

  3
                                        )
  4    UNITED STATES OF AMERICA,        )
                                        )
  5           Plaintiff,                )
                                        )   Criminal Action
  6                                     )   No. 05-10011-GAO
       vs.                              )
  7                                     )
                                        )
  8    JOSE SILVA,                      )
                                        )
  9           Defendant.                )
                                        )
 10

 11
                   TRANSCRIPT OF STATEMENT OF REASONS
 12

 13        BEFORE THE HONORABLE GEORGE A. O'TOOLE, JR.
                   UNITED STATES DISTRICT JUDGE
 14

 15                  United States District Court
                  John J. Moakley U.S. Courthouse
 16                       1 Courthouse Way
                    Boston, Massachusetts  02210
 17                       April 24, 2006
                             2:00 p.m.
 18

 19

 20                        *  *  *  *  *  *

 21

 22                  SHELLY M. KILLIAN, CM
                       Official Court Reporter
 23                John J. Moakley U.S. Courthouse
                    1 Courthouse Way, Room 3510
 24                      Boston, MA  02210
                          (617) 737-7117
 25


                                                                              2

  1   APPEARANCES:

  2   For the Plaintiff:

  3   Jonathan F. Mitchell
      United States Attorney's Office
  4   John Joseph Moakley Federal Courthouse
      1 Courthouse Way, Suite 9200
```

```
                           silvq transcript from Shelly.txt
 5   Boston, Massachusetts  02210

 6   For the Defendant:

 7   Michael A. Collora, Esq.
     Laurie C. Carafone, Attorney at Law
 8   Dwyer & Collora, LLP
     Federal Reserve Building
 9   600 Atlantic Avenue, 12th Floor
     Boston, Massachusetts  02210
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

                                                                    3

```
 1                    P R O C E E D I N G S

 2              (The following proceedings were held in open

 3   court before the Honorable George A. O'Toole, Jr.,

 4   United States District Judge, United States District

 5   Court, District of Massachusetts, at the John J. Moakley

 6   United States Courthouse, 1 Courthouse Way, Boston,

 7   Massachusetts, on April 24, 2006.

 8              The defendant, Jose Silva, is present with

 9   counsel.  Assistant United States Attorney Jonathan
```

silvq transcript from Shelly.txt

10    Mitchell is present.)
11            THE COURT:  Let me begin by saying that I have
12    given this a good bit of consideration over the last few
13    days, partly because it's not a typical case, partly
14    because the parties have so ably presented materials for
15    consideration that were worth paying attention to.  It
16    separates it a little bit sometimes from some other
17    cases.  It's a different kind of case than the routine
18    or the majority of our cases.  It is a case that has
19    elements both of economic/regulatory offense and
20    elements of environmental offense.  And that makes it
21    different as well.  And I think it affects the
22    evaluation of it.
23            I think the judges of this Court are quite
24    aware of the nature of the fishing industry in this
25    region and the challenges it face.  We often on the

                                                            4

1     civil side, the admiralty side, and the governmental
2     regulation side see cases that affect those matters.
3     And it's something that in that sense this case is not
4     unusual because it falls well within an area that
5     presents itself in a variety of ways for our
6     consideration.  And having presided over some of those
7     other cases, it's easy to appreciate how important it is
8     for a coherent, fair, and enforceable scheme of
9     regulation to help preserve the fishing stocks of the
10    region, not just for what that means for the regional
11    economy but what it means for the individual fishermen
12    who pursue that very dangerous work.
13            So this presents a consideration -- sometimes
14    the offenses are seen maybe in sort of a vertical way,

silvq transcript from Shelly.txt
15   the citizen and the government, citizen answerable to
16   the government.  This presents a horizontal dimension as
17   well because it's a citizen, in a sense, having to
18   answer to other citizens or fishermen having to answer
19   to the interests of his fellow fishermen.
20           I think that the factors of 3553(a) that
21   emerge as the most important in this sentencing, and
22   every case will be different as to the emphasis that is
23   placed on them, are, one, the seriousness of the offense
24   and, two, the need for general deterrence.  I do not
25   think specific deterrence is a high consideration here.

                                                                5

1    I think Mr. Silva is well deterred by what's already
2    happened.  I do think it's important for the community
3    at large, both the fishing community and others,
4    including the environmental community, to understand
5    that these are serious matters that have to be enforced
6    seriously.  So I actually -- well, and a coordinate
7    consideration is because it is serious, it requires a
8    serious punishment.
9            So I am inclined and will accept the
10   government's recommendation in this matter.  I have to
11   tell you that when I came in here, I thought I was going
12   to go higher.  Mr. Collora talked me down a little bit.
13   But I do think that a sentence at the low end of the
14   guidelines range of incarceration for 18 months is
15   appropriate under the circumstances.
16           I recognize that there's been a very
17   substantial civil penalty paid.  I recognize that there
18   have been very serious collateral consequences.  But
19   neither of those leads me to think that it is not also

silvq transcript from Shelly.txt

20  important to make clear that these laws for the benefit
21  of us all, and particularly for the benefit of other
22  fishermen, will be enforced and that those who might
23  think about cutting the corners will be advised that
24  they do it at some more than minimal risk.
25          Let me just -- it's not a major point but it

                                                              6

1   was made in the papers.  Let me just address it.  There
2   are references to some other cases.  I think they're
3   probably well distinguishable on their facts, but two
4   observations I make about the other environmental -- the
5   spill cases I guess we can call them or discharge
6   cases.  One is I'm not the other judges.  I don't know
7   what they considered in imposing the sentence.  I'm sure
8   they gave it adequate and careful consideration, but
9   I -- the bare result in another case can't be an
10  influence here.  It can't really instruct me.
11          As to the argument there should be some kind
12  of effort to avoid disparity by coming close to the
13  outcomes in other cases, assuming even that they were
14  similar, I guess my response is that's what the
15  guidelines do, is to point judges into the direction
16  where they can be assured that they'll be avoiding
17  disparity.  So that's as much an argument for sticking
18  with the guideline range than it is for creating a
19  separate ad hoc District of Massachusetts range, which I
20  don't think would be appropriate.
21          I will not impose a monetary fine.  I think
22  the monetary penalties have been substantial, but I do
23  think a period of 18 months of incarceration is
24  appropriate under the circumstances.

silvq transcript from Shelly.txt

25           MR. COLLORA:  Would the Court consider Fort

                                                              7

 1   Devens?
 2           THE COURT:  I don't make a recommendation to a
 3   particular facility.  If you wish, I will add a generic
 4   recommendation that it be -- his family circumstances
 5   and the location of his relatives be taken into account
 6   in placing him, but I leave it to the Bureau of Prisons
 7   to make a judgment.
 8           MR. COLLORA:  And may he self-report?
 9           THE COURT:  Yes.  Unless there -- I don't
10   think there will be any objection from the government to
11   that?
12           MR. MITCHELL:  No, your Honor.
13           THE COURT:  Mr. Silva, if you'd rise, please.
14           Jose Silva, on your conviction of these
15   offenses and pursuant to the Sentencing Reform Act of
16   1984, having considered the sentencing factors
17   enumerated in the statute, it is the judgment of the
18   Court that you be and you hereby are committed to the
19   custody of the Bureau of Prisons to be imprisoned for a
20   term of 18 months.  Upon your release from imprisonment,
21   you shall be placed on supervised release for a term of
22   two years.  Within 72 hours of your release from
23   custody, you shall report in person to the district to
24   which you've been released.
25           While you're on supervised release, you shall

                                                              8

 1   not commit any other federal, state, or local crime.
 2   You shall refrain from the unlawful use of any
 3   controlled substance.  There is no evidence of any abuse

silvq transcript from Shelly.txt

4  of illegal drugs and so I'll not impose the customary
5  drug testing conditions.  You shall submit to the
6  collection of a DNA sample as directed by your probation
7  officer.
8         While you're on supervised release, you shall
9  comply with all the standard conditions that pertain to
10 that status.  Those conditions are set forth in the
11 United States Sentencing Guidelines at Section 5D1.3(c)
12 and they are incorporated by reference.
13        In addition, you shall comply with the
14 following conditions:  You are prohibited from
15 possessing a firearm, destructive device or other
16 dangerous weapon.  And, as I noted, I will not impose a
17 monetary fine, but there is a mandatory assessment in
18 the sum of $400.  The report says 300, but I think it's
19 400, isn't it?
20        MR. MITCHELL:  I believe it's 400, your Honor.
21        THE COURT:  Yeah, there are four offenses of
22 conviction.  Special assessment of $400, which is due
23 forthwith.
24        Now, I know that the plea agreement contained
25 a provision concerning a waiver of appeal rights.  It

                                                          9

1  was a limited waiver.  It may foreclose any appeal.  To
2  the extent that you have any, to preserve the right to
3  appeal, you must exercise that right within ten days
4  from the entry of judgment.  If you're not able to file
5  an appeal through an attorney, you may notify the clerk
6  and the clerk will file the appeal for you.
7         THE CLERK:  The surrender date will be Friday,
8  June 2nd by 12 noon.

silvq transcript from Shelly.txt

9  THE COURT: And that will be surrendered at
10 the place of designation.
11  MR. COLLORA: If he is not -- is he
12 normally -- have people been normally getting designated
13 by that time?
14  THE COURT: I think that's the reason for the
15 five weeks. If he hasn't been, then we'll have to
16 address it.
17  MR. MITCHELL: One housekeeping matter, your
18 Honor. The government -- according to the plea
19 agreement, the government hereby moves to dismiss Count
20 Five.
21  THE COURT: All right, that will be granted.
22 Do you have a written motion?
23  MR. MITCHELL: No.
24  THE COURT: If you present one for
25 endorsement, I'll endorse it.

10

1  THE CLERK: All rise. Court is in recess.
2  (Adjourned, 2:53 p.m.)
3
4
5
6
7
8
9
10
11
12
13

silvq transcript from Shelly.txt

14
15
16
17
18
19
20
21
22
23
24
25